## GLUCK v. DUBERSTEIN.

### (Supreme Court, Appellate Term. July 26, 1899.)

WRONGFUL DISCHARGE—DAMAGES.

In an action for wrongful discharge under a contract of hiring, money earned by plaintiff between the date of his discharge and the date of the termination of his contract should be deducted from the damages.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Louis Gluck against Nathan Duberstein. Judgment for plaintiff, and defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Louis F. Finn, for appellant.

Leopold Moschcowitz, for respondent.

FREEDMAN, P. J. The plaintiff was employed by the defendant under a written contract reading as follows:

"It is hereby agreed between N. Duberstein, of the city of New York, of the first part, and Louis Gluck, of the city of New York, of the second part, to the following: N. Duberstein agrees to employ the party of the second part for the period of from September 12th to ending December 1st, 1898, for four months, as designer and cutter in his business of cloak and skirt manufacture. The party of the first part agrees to pay the party of the second part the sum of thirty dollars ($30) per week. The party of the second part agrees to work solely in and for the interest of the party of the first part.

"Nathan Duberstein.
"Louis Gluck."

The plaintiff entered into the employment of the defendant, and continued therein until December 1st, when he was discharged by the defendant upon the ground that his term of employment had expired. The plaintiff, claiming that the term of service under the agreement was for four months, and that his engagement thereunder did not expire until January 12, 1899, brought this action to recover his damages caused by said alleged premature discharge, and a small balance remaining due on account of services actually rendered. It was conceded that there was a balance due the plaintiff from defendant on December 1, 1898, at the time of his discharge, for services rendered prior to that date, amounting to the sum of $20.

Upon the trial the court below held that the contract was ambiguous and contradictory in its terms, in that the time of employment was stated to be from September 12, 1898, to December 1, 1898, a period of less than three months, while it also provided for the services of the plaintiff for a term of four months. Parol testimony was then given by the plaintiff as to the true intent and meaning of the contract, and tending to show that the agreement made between the parties at the time the contract was executed was for the period of four months. To the introduction of this testimony on the part of the plaintiff the defendant made but one objection, but took no exception, and at the close of the plaintiff's case introduced evidence tending to show that the contract of employment was from Septem-

ber 12 to December 1, 1898, only. The parties thereby created a disputed question of fact for the determination of the trial judge, and upon that question he found in favor of the plaintiff.

The plaintiff was given a judgment for the full amount claimed by him. It appears, however, from the testimony, that between December 1, 1898, the date of his discharge, and January 12, 1899, the plaintiff earned elsewhere the sum of $6. The judgment should therefore be modified by deducting the sum of $6 from the amount of the recovery, and, there appearing no reason for disturbing the judgment in any other respect, it should be affirmed as so modified.

Judgment modified by reducing it to the sum of $179.80, and as so modified affirmed, without costs to either party. All concur.